Opinion filed July 7, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-11-00107-CR 

                                                    __________

 

                                     JEFFREY
SHARP, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 33rd District Court

                                                           Burnet
County, Texas

                                                     Trial
Court Cause No. 38,147

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

The
jury convicted Jeffrey Sharp of the offense of delivery of between one and four
grams of cocaine, found the enhancement allegations to be true, and assessed punishment
at confinement for thirty-five years.  We dismiss the appeal.  

            Appellant’s
sentence was imposed on December 3, 2010.  Appellant timely mailed a motion for
new trial, which was filed on January 5, 2011.  Appellant’s notice of appeal
was filed on March 16, 2011, 103 days after the date sentence was imposed.  Upon
receiving this case, which was transferred to this court from the Third Court
of Appeals, this court notified the parties by letter dated May 9, 2011, that
the notice of appeal appeared to be untimely.  We requested that appellant
respond and show grounds for continuing this appeal.  We also informed
appellant that the appeal may be dismissed for want of jurisdiction.  

Appellant
has responded to our letter by filing, on June 15, 2011, and June 20, 2011,
motions to retain appeal.  In the motions, appellant states that he filed in
the Third Court of Appeals a timely motion for extension of time to file the
notice of appeal in this cause pursuant to Tex.
R. App. P. 26.3.  Our review of appellant’s motions to retain appeal and
our review of the documents filed in this cause and in the companion cause[1]
reveal that no motion for extension was timely filed in this cause but that a
motion for extension to file notice of appeal was, instead, filed in the
companion cause on March 14, 2011, in the Third Court of Appeals.

Rule
26.3 mandates that the notice of appeal and the motion for extension must be
filed within fifteen days after the deadline for filing the notice of appeal.  Pursuant
to Tex. R. App. P. 26.2(a)(2),
when the defendant timely files a motion for new trial, the notice of appeal is
due ninety days after the day sentence is imposed.  In this case, the due date
was March 3, 2011.  Appellant’s motions to retain appeal were not filed within
fifteen days of March 3 and were, therefore, not timely.  Absent a timely filed
notice of appeal or the granting of a timely motion for extension of time, we
do not have jurisdiction to entertain the appeal.  Slaton v. State, 981
S.W.2d 208 (Tex. Crim. App. 1998); Olivo v. State, 918 S.W.2d 519 (Tex.
Crim. App. 1996); Rodarte v. State, 860 S.W.2d 108 (Tex. Crim. App.
1993).  We are also without jurisdiction to grant a motion for extension or, as
in this cause, a motion to retain appeal that is filed more than fifteen days
after the date that the notice of appeal was due.  Olivo, 918 S.W.2d
519.  

Accordingly,
appellant’s motions to retain appeal are overruled, and the appeal is dismissed
for want of jurisdiction.  

 

July 7, 2011                                                                             PER
CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]










[1]The companion case is our cause no. 11-11-00104-CR and
trial court cause no. 37328.  On this same date, we have dismissed the
companion case as moot because it dealt with a pretrial application for writ of
habeas corpus seeking bail.  Jeffrey Sharp v. State, No. 11-11-00104-CR
(Tex. App.—Eastland  July 7, 2011, no pet. h.) (mem. op., not designated for
publication). 

 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.